IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERICK HARDNETT,
          Petitioner,

vs.                                                  Case No. 3:11cv372/RV/EMT

ANTHONY HAINES, Warden
Jesup Federal Satellite Low,
          Respondent.

## REPORT AND RECOMMENDATION

This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 2). On August 11, 2011, Petitioner was directed to either pay the $5.00 filing fee or submit a completed application to proceed in forma pauperis within thirty days (doc. 6). This case was referred to the undersigned after Petitioner failed to timely comply with that order.

Petitioner pleaded guilty in this court to conspiracy to distribute controlled substances and was sentenced on June 20, 2002, to a term of 188 months imprisonment and sixty months of supervised release (case No. 3:01cr86/RV). On September 27, 2002, his appeal was dismissed for want of prosecution (*id.*, doc. 38). Nothing further was filed until July 27, 2010, when Hardnett filed, through the same counsel who had previously represented him, a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (*id.,* doc. 40). The court denied the motion on October 8, 2010 (*id.*, doc. 41). Hardnett filed a notice of appeal through a different attorney on October 21, 2010 (*id.*, doc. 42), and the record reflects that the appeal was dismissed after joint stipulation by the parties on December 13, 2010 (*id.*, doc. 49). On August 8, 2011, the court received another notice of appeal without a filing fee or any indication in the pleading which order Hardnett intended to appeal, along with a motion to proceed in forma pauperis and a motion to appoint counsel (*id.,* docs. 50–52). The latter two motions were denied (*id.*, doc. 57).

The instant petition for writ of habeas corpus, dated July 12, 2011, was received by this court on August 8, 2011 (Petitioner did not identify a respondent on the petition form, but the Warden at Jesup Federal Satellite, who has custody over Petitioner, was named as respondent on the court's electronic docket) (*see* doc. 2).  Petitioner separates his claims into three grounds for relief.  He first claims that he hired an inexperienced attorney who did not represent him well in the criminal proceedings (*id.* at 3).  He next states that he does not think his sentence was "fair" because he was told that he would likely get only a ten-year sentence after he cooperated with law enforcement (*id.* at 4).  His last claim is that he is the father of three children who "really need [him] now like never before" (*id.* at 4–5).  Through the instant petition, Petitioner seeks either a reduction in his sentence or release (*id.* at 6).

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for pursuing the relief sought.  The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action.  *See* Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)); Broussard v. Lippman, 643 F.2d 1131 (5th Cir. 1981); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also* Chambers v. United States, 106 F.3d 472, 474–75 (2nd Cir. 1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition).  Title 28 U.S.C. § 2241 primarily provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and type of detention.  *See* Thompson v. Choinski, 525 F.3d 205, 209 (2nd Cir. 2008).  A collateral attack on the validity of a federal conviction and sentence, to the extent that is what this is, is more properly brought under 28 U.S.C. § 2255 in the district of conviction.  Antonelli, 542 F.3d at 1351; Jordan, 915 F.2d at 629; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hadjuk v. United States, 764 F.2d 795 (11th Cir. 1985).  Defendant may not circumvent the procedural limitations on § 2255 motions merely by filing a motion pursuant to § 2241.  *See* 28 U.S.C. § 2255(e); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining

relief under § 2255, could simply turn to § 2241). Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005); *see also* Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001); United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong means a petitioner's claim fails. *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008). In this case, Petitioner's claim does not meet even one of the three prongs.

In sum, § 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. *See, e.g.*, Wofford, *supra;* Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). It is not a "catch-all" provision for prisoners seeking collateral relief. Therefore, regardless of whether he might be entitled to relief under § 2255, the guidelines, or any other statutory or common-law provision, he is not entitled to the relief sought in this case, and the petition should be dismissed.

Accordingly it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus under § 2241 (doc. 2) be summarily denied.

At Pensacola, Florida this 19th day of September 2011.

>   /s/ *Elizabeth M. Timothy*
>   **ELIZABETH M. TIMOTHY**
>   **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**